UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT DECHERT,
                     Plaintiff,

-v-

THA BANK OF NEW YORK MELLON,
                     Defendant.

23-CV-7625 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

On July 22, 2024, the Court issued an Opinion and Order directing Plaintiff Robert Dechert to join all persons or entities holding interests in the trust governed by the March 22, 2006, indenture (the "Trust") as required parties pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.[1] (ECF No. 24.) On July 23, 2024, Dechert filed a letter notifying the Court that "there would be no way for me as an individual note holder to identify and notify other note holders." (ECF No. 25 at 1.) On August 5, 2024, the Court directed Defendant The Bank of New York Mellon ("BNYM") to file any response to Dechert's letter, including an update on the status of the related Article 77 proceeding in state court. (ECF No. 26.) On August 19, 2024, BNYM filed a letter arguing that "Mr. Dechert's letter confirms that, as BNYM argued, joinder of those [required] parties under the Federal Rules not only has not happened but also would be impossible, because they cannot be identified." (ECF No. 27 at 2.) In that letter, BNYM also apprised the Court of the status of the Article 77 proceeding and argued that the action should be dismissed under Rule 19(b) because the parties Mr. Dechert failed to join are "indispensable." (*Id.* at 2-3.)

---

[1] The Opinion and Order also denied BNYM's motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(7) without prejudice to renewal. (ECF No. 24 at 6.)

The Court previously held that consideration of the indispensability of non-joined parties was "premature," since "Dechert has not yet had an opportunity to attempt joinder." (ECF No. 24 at 6.) Now that Dechert has conceded that joinder is impossible, the Court must determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making that determination, the Court must weigh four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; shaping the relief; or (C) other measures; (3) whether the judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4).

In light of the foregoing, the parties may submit optional additional briefing concerning whether the Court should dismiss this action pursuant to Rule 19(b). Plaintiff's brief will be due on September 4, 2024. Defendant's brief will be due two weeks after Plaintiff's brief is submitted. The parties may also rest on their prior submissions insofar as they discuss indispensability under Rule 19(b) and/or the propriety of Rule 12(b)(7) dismissal.

SO ORDERED.

Dated: August 23, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge