UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――
ROBERT DECHERT,
                         Plaintiff,

          -v-

THE BANK OF NEW YORK MELLON,
                         Defendant.
―――――――――――――――――――――――――

23-CV-7625 (JPO)

MEMORANDUM
AND ORDER

J. PAUL OETKEN, District Judge:

      Robert Dechert, proceeding *pro se*, brought this action for breach of contract and willful misfeasance against Defendant The Bank of New York Mellon ("BNYM"), alleging that BNYM improperly allocated proceeds in a mortgage loan trust (the "Trust") of which Dechert is a beneficiary. (ECF No. 1 ("Compl.").) The Court assumes the parties' familiarity with the facts underlying this dispute.

      On July 22, 2024, this Court ordered Dechert to join other beneficiaries to the Trust as required parties pursuant to Federal Rule of Civil Procedure 19(a). (ECF No. 25 ("Order") at 6.) Dechert subsequently conceded that joinder of the other beneficiaries was infeasible (ECF No. 25 at 1-2), and BNYM agreed (ECF No. 27 at 2). The Court then requested supplemental briefing on the propriety of dismissal for failure to join indispensable parties pursuant to Federal Rule of Civil Procedure 19(b). (ECF No. 28.) Dechert opposed dismissal on that basis (ECF No. 29), and BNYM responded, again urging dismissal (ECF No. 30). For the reasons that follow, this action is dismissed without prejudice for failure to join indispensable parties.

**I.    Discussion: Rule 19(b)**

      "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing

parties or should be dismissed." Fed. R. Civ. P. 19(b).  In making that determination, the court is to consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  The application of Rule 19(b) is a "case-specific inquiry," *Repub. of Philippines v. Pimentel*, 553 U.S. 851, 864 (2008), that "can only be determined in the context of particular litigation.  *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).  That "requires an understanding of the legal interests at stake." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013).  Here, it is beyond dispute that absent Trust beneficiaries would be affected by any hypothetical judgment in this case, as the Trust allocates proceeds across groups of beneficiaries according to the seniority of their notes.  (Order at 1-3.)

A.   **Prejudice to Absent and Existing Parties**

The first factor's consideration of prejudice to absentees is grounded in "our deep-rooted historic tradition that everyone should have his own day in court." *Marvel Characters*, 726 F.3d at 134 (cleaned up) (quoting *Richards v. Jefferson Cnty*, 517 U.S. 793, 798 (1996)).  Of course, "the law in this context and elsewhere recognizes an exception to the general rule when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Id.* (cleaned up).  That happens where the remaining party can "champion [the] interest" of an absentee. *Id.* (quotation marks omitted) (quoting *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009)).  That is not the case here, because Dechert's proposed method of distributing Trust proceeds would by

necessity reduce distributions to other classes of beneficiaries, particularly the A-1 noteholders. (*See* Order at 3.)  Thus, while Dechert is correct that, like in *Marvel Characters*, "[t]his lawsuit concerns a single legal issue," it is not one "in which [Dechert's] interests are identical to [the absent beneficiaries']."  726 F.3d at 134.  This factor thus weighs in favor of dismissal.

### B.      Ability to Lessen Prejudice

The second factor requires the Court to consider measures to reduce the prejudicial effect of a hypothetical judgment on absent parties.  But here, "there is no substantial argument to allow the action to proceed," because "[n]o alternative remedies or forms of relief have been proposed . . . or appear to be available."  *Pimentel*, 553 U.S. at 869-70 (citing 7 Wright, Miller & Kane, Federal Practice and Procedure § 1608 at 106-10 (3d ed. 2001)).  That must be true given the relief Dechert requests, as dispersing trust assets according to one formula necessarily precludes dispersing them according to another.  Or as the Supreme Court has put it, "[c]onflicting claims by beneficiaries to a common trust present a textbook example of a case where one party may be severely prejudiced by a decision in his absence."  *Id.* at 870 (quotation marks omitted) (quoting *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 774 (D.C. Cir. 1982)).  Because Dechert does not specify—and the Court cannot identify—any measures that would lessen the prejudicial impact of a judgment in this case on other Trust beneficiaries, this factor weighs in favor of dismissal.

### C.      Adequacy of a Judgment

The third factor requires the Court to determine whether a judgment rendered without a required party would be adequate.  "The Rule's third criterion . . . refer[s] to [the] public stake in settling disputes by wholes, whenever possible," for "there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies."  *Provident*, 390 U.S. at 111.  It is thus not a question of whether Dechert could obtain the result he seeks if this

case proceeded to judgment—of course, he could—but whether the judgment would serve the interests of efficiency and finality. It would not, because even if Dechert prevailed here, other beneficiaries would not be bound by the judgment. *Cf. Martin v. Wilks*, 490 U.S. 755, 767-68 (1989). And if the Trust prevailed, other beneficiaries in Dechert's position would likely be free to relitigate the issue, having not been parties to this lawsuit. *Cf. Taylor v. Sturgell*, 553 U.S. 880, 884-85 (2008). Thus, the third factor weighs in favor of dismissal.

### D.   Adequate Alternative Remedy

Finally, the fourth factor asks whether the plaintiff would have an adequate remedy were the case to be dismissed. But unlike in other cases, where the court must determine the adequacy of a hypothetical alternative forum, here the parties agree that one exists: the ongoing Article 77 proceeding in New York state court. (*See* ECF Nos. 29 at 3, 30 at 11.) That proceeding "is designed precisely to resolve disputes like this one: it provides an effective procedure for joining and binding other noteholders and notifying unidentified holders if necessary." (ECF No. 30 at 11.) Dechert has not made an argument for the superiority of federal court in resolving this dispute, nor can the Court conceive of one. Thus, the fourth factor weighs in favor of dismissal.

Because all four Rule 19(b) factors indicate that, "in equity and good conscience, this action should [not] proceed among the existing parties," it must be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## II.   Conclusion

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is directed to mark this case as closed.

SO ORDERED.

Dated: October 4, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge